IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 18-71461 |
| | ) | Chapter 11 |
| THERMASTEEL, INC., | ) | |
| | ) | |
|    Debtor. | ) | |
| _____ | ) | |
| | ) | Case No. 7:20-mc-00012 |
| TULIP THERMASTEEL, LLC, | ) | |
| | ) | By: Elizabeth K. Dillon |
|    Plaintiff, | ) |    United States District Judge |
| | ) | |
| v. | ) | |
| | ) | |
| THERMASTEEL, INC., | ) | |
| | ) | |
|    Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

     This matter is before the court on Thermasteel, Inc.'s motion to withdraw the reference of *Tulip Thermasteel, LLC v. Thermasteel, Inc.*, Adversary Case No. 20-07004, from bankruptcy court (Tulip Thermasteel adversary complaint). Almost a year ago, the court granted Thermasteel's motion to withdraw a separate adversary proceeding it had brought against Tulip Thermasteel and other defendants. *See Thermasteel, Inc., et al. v. Tulip Thermasteel, LLC, et al.*, Case No. 7:19-cv-00492 (Thermasteel adversary complaint). That case remains pending.

     The court held a hearing on Thermasteel's motion to withdraw on June 2, 2020. (Dkt. No. 4.) The court directed the parties to submit supplemental briefing, which was received on June 16, 2020. (Dkt. Nos. 5, 6.)

     For the reasons stated below, Thermasteel's motion will be denied. The interests of judicial economy favor resolution of the Tulip Thermasteel adversary complaint in bankruptcy court.

I.  BACKGROUND

The ongoing litigation between Thermasteel and Tulip Thermasteel relates to Tulip Thermasteel's $1.9 million-dollar loan to Thermasteel in 2016 and Tulip Thermasteel's attempt to foreclose on Thermasteel's property after Thermasteel defaulted on the loan.  In response to those efforts, Thermasteel filed a lawsuit in state court and sought an injunction to prevent the foreclosure.

Progress in the state court action was thwarted when Thermasteel filed for bankruptcy in December 2018.  Later, on April 16, 2019, Thermasteel filed an adversary proceeding against Tulip Thermasteel, Robert W. Day, and R.W. Day & Associates, Inc.  The Thermasteel adversary complaint included state law tort claims on behalf of Thermasteel and its principal officer, Adi Ben-Senior.  The court granted Thermasteel's motion to withdraw the reference of the Thermasteel adversary complaint on July 10, 2019.  After a series of amendments, the Thermasteel adversary complaint now includes the following claims: (1) fraud in the inducement (against Day and R.W. Day & Associates); (2) fraud in the inducement (against Day and Tulip Thermasteel); (3) interference with a business expectancy (against Day and Tulip Thermasteel); (4) interference with business contracts (against Day and Tulip Thermasteel); (5) civil conspiracy (against all defendants); and (6) business conspiracy (against all defendants).

Tulip Thermasteel filed its adversary complaint against Thermasteel on January 14, 2020.  In the Tulip Thermasteel adversary complaint, Tulip Thermasteel seeks a determination as to the validity, priority, or extent of Tulip Thermasteel's liens against the real and personal property of Thermasteel and the amount of the underlying balances owed under the two promissory notes secured by Tulip Thermasteel's liens.

II.  ANALYSIS

Courts consider six factors in determining whether to withdraw a reference from bankruptcy court: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) the promotion of judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.  *Lattea v. Vanderbilt Mortg. & Fin., Inc.*, Civil Action No. 3:19-0375, 2020 WL 103340, at *4 (S.D. W. Va. Jan. 8, 2020).

First and foremost, Tulip Thermasteel's request to determine the validity, extent, or priority of its liens is a core proceeding.  28 U.S.C. § 157(b)(2)(K).  This factor weighs against withdrawal of the reference.  *See In re First Nat'l Bancshares, Inc.*, C/A No. 7:12-3441-TMC, 2014 WL 108372, at *5 (D.S.C. Jan. 10, 2014); *In re Minor Family Hotels, LLC*, No. 1:10-MC-00052, 2010 WL 5141342, at *3 (W.D. Va. Dec. 10, 2010) ("[I]t is a more efficient use of the parties' and court's resources to withdraw the reference from the bankruptcy court where the proceedings are non-core.").

Regarding the promotion of judicial economy, Thermasteel argues that count one of Tulip Thermasteel's adversary complaint, seeking a declaratory judgment as to the validity, priority, and extent of its liens, is identical to the relief sought on count seven in the Thermasteel adversary complaint.  But this claim is not included in the second amended complaint, the operable pleading in the Thermasteel adversary complaint.  While there may be some overlap between the facts underlying the tort claims in Thermasteel's adversary complaint and the claim for lien priority in Tulip Thermasteel's adversary complaint, the legal issues in these two actions are distinct.  The court also notes that there are additional parties in the Thermasteel adversary complaint that are not parties to the Tulip Thermasteel adversary complaint.  *See, e.g., In re Miner Family Hotels LLC*, 2010 WL 5141342, at *4 (denying

3

motion to withdraw because "the only parties that are involved in both the Virginia Lien Action and the other two actions are Debtor and Lender," and "[a]t its root, efficiency derives from common issues of fact and law, of which there are too few among these actions to justify withdrawal of the reference and subsequent consolidation").  Furthermore, judicial economy favors denying the motion to withdraw because it seems likely, as Tulip Thermasteel argues, that the bankruptcy court can resolve this action more quickly than it could be resolved in the district court.

As to the remaining factors, the prevention of forum shopping is a relevant concern because of Thermasteel's litigation history—filing suit in state court, then filing for bankruptcy, then filing an adversary proceeding and moving to withdraw the reference. Indeed, the Thermasteel adversary complaint has lacked progress in the year since the reference was withdrawn.  While Thermasteel denies forum shopping, Thermasteel's litigation conduct suggests that it is shifting this dispute from forum to forum to stave of foreclosure as long as possible.

In sum, the relevant factors weigh decisively against withdrawing the reference of this core bankruptcy proceeding.

### III.  CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Thermasteel's motion to withdraw the reference (Dkt. No. 1) is DENIED.

Entered: July 13, 2020

/s/ Elizabeth K. Dillon
United States District Judge